

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-24-00033-CR

———————————————

LUIS RENE MENENDEZ, Appellant

V.

THE STATE OF TEXAS

On Appeal from Criminal District Court No. 3
Tarrant County, Texas
Trial Court No. 1737000

Before Birdwell, Bassel, and Womack, JJ.
Per Curiam Memorandum Opinion

## MEMORANDUM OPINION

Appellant Luis Rene Menendez attempts to appeal his felony conviction for the offense of aggravated sexual assault of a child under the age of fourteen. *See* Tex. Penal Code Ann. § 22.021. Pursuant to a charge bargain,[1] Menendez pled guilty to that offense in exchange for the State's waiving the remaining counts in the indictment, including one count of continuous sexual abuse of a child under the age of fourteen and three counts of indecency with a child by sexual contact; waiving the sex-offender notice; and recommending that punishment be assessed at 15 years' confinement. As part of his written plea agreement, Menendez waived any right of appeal, and he was admonished that if the trial court followed the plea agreement, he would have to obtain permission from the trial court before he could "prosecute an appeal on any matter in the case except for matters raised by written motion filed prior to trial."

In accordance with the parties' agreement, the trial court found Menendez guilty and sentenced him to 15 years' confinement. The trial court's certification of defendant's right of appeal, which was signed by Menendez, states that this "is a plea-bargain case, and the defendant has NO right of appeal." *See* Tex. R. App. P. 25.2(a)(2), (d). The trial court also certified that Menendez "has waived the right of appeal."

---

[1] *See Harper v. State*, 567 S.W.3d 450, 454 (Tex. App.—Fort Worth 2019, no pet.) (discussing charge bargains).

After receiving a copy of Menendez's notice of appeal, we notified Menendez that we had received the trial court's certification stating that this is a plea-bargain case, that he has no right of appeal, and that he waived the right of appeal. We warned him that this appeal could be dismissed unless he or another party filed a response showing grounds for continuing the appeal. *See* Tex. R. App. P. 25.2(d), 44.3. We have received no response.

Thus, in accordance with the trial court's certification, we dismiss the appeal for lack of jurisdiction. *See* Tex. R. App. P. 25.2(d), 43.2(f).

Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: March 21, 2024

3